UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JORGE LUIS ESPINOZA BALBUENA,**

*Petitioner*,

v.                                                                                                Case No. 5:25-CV-1777-JKP

**PAMELA JO BONDI, United States
Attorney General, et al.,**

*Respondents*.

### ORDER GRANTING
### PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents (sometimes referred to as "the Government") have filed a response (ECF No. 5). The Court finds no need to wait for a reply to the response. The petition is ready for ruling. After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the reasons below.

### I. BACKGROUND

Respondents have held Petitioner in immigration custody since October 2025. They currently hold him subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2).

Law enforcement personnel arrested Petitioner on August 20, 2025, on suspicion of driving under the influence. Petitioner pled guilty to reckless driving on October 22, 2025, and was sentenced to time served. Shortly thereafter, Immigration and Customs Enforcement ("ICE") took Petitioner into custody, charged with being present in the United States without having been inspected or admitted under 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner is a citizen of Mexico who entered the United States without inspection in 2008. He is in full removal proceedings under 8 U.S.C. § 1229a and was initially detained without an opportunity to post bond or be released on other conditions. He was denied a bond hearing due to

a Board of Immigration Appeals ("BIA") ruling, *In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), in which the BIA adopted a new policy regarding detention of noncitizens. Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). He is currently scheduled for a January 13, 2026 final individual hearing before an immigration judge.

In the instant habeas petition, Petitioner asserts several claims, including that his detention violates (1) the due process clause of the Fifth Amendment; (2) statutory provisions of the Immigration and Nationality Act (" INA"); and (3) the Administrative Procedure Act ("APA"). His primary argument is that his detention violates the plain language of the INA because § 1225(b)(2)(A) does not apply to individuals who previously entered and are now residing in the United States. Instead, such individuals are subject to a different statute, § 1226(a) that (1) expressly applies to individuals who are charged as inadmissible for having entered the United States without inspection and (2) allows for release on conditional parole or bond. He contends that Respondents' new legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like him.

## II. LEGAL STANDARD

Habeas petitioners must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). They "bear[] the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [this] burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). Courts "considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## III. ANALYSIS[1]

Petitioner argues his continued detention by ICE is based on Respondents' novel reading of 8 U.S.C. § 1225(b)(2)(A), which was adopted by the Board of Immigration Appeals on September 5, 2025. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025).

Respondents assert that they properly detain Petitioner under § 1225(b)(2)(A), which allows indefinite detention without a bond hearing. They contend that he is properly detained pursuant to § 1225(b)(2)(A) for non-expedited removal proceedings under § 1229a. Further, given the plain language of § 1225(a)(1), Respondents contend Petitioner cannot dispute that he is an applicant for admission, nor can he plausibly challenge the determination that he is "seeking admission" simply because he is not currently at the border requesting to come into the United States. Respondents also challenge this Court's jurisdiction. The Court will address the jurisdictional challenges first.

### A. Challenges to Jurisdiction

As a threshold matter, Respondents argue that 8 U.S.C. §§ 1252(g) and 1225(b)(4) preclude review of Petitioner's claims. The Court addresses each section in turn.

#### 1. Section 1252(g)

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12 of Title 8 of the United States Code]." The Supreme Court has emphasized that § 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action'

---

[1] In its analysis of the facts, issues, and arguments presented in this case, the Court notes close similarity to that presented in many recent Petitions for Writ of Habeas Corpus filed in the Western District of Texas, and specifically, the San Antonio Division. The Court finds the reasoning in these similar cases persuasive and finds the ultimate determination based upon this reasoning correct. For that reason, and for the sake of expediency, the Court follows these opinions closely. *See, e.g., Acea-Martinez v. Noem*, Case No. 5:25-CV-01390-XR (filed Oct. 28, 2025).

to '*commence proceedings, adjudicate cases*, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). This provision "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate section 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioner does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. He instead specifically challenges the decision, or basis, to detain him. For this reason, § 1252(g) does not deprive the Court of jurisdiction under these facts and specific challenge. *See Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025).

**2. <u>Section 1225(b)(4)</u>**

Respondents' arguments under 8 U.S.C. § 1225(b)(4) fare no better. Section 1225(b)(4) provides:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

This section is not relevant in cases like this one involving "an 'applicant for admission' who has not received a favorable determination of his admissibility." *Erazo Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025). Nor does it pose a jurisdictional bar in such cases. *Id.*; *accord Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP-25-CV-470-KC, 2025 WL 3123828, at *2 (W.D. Tex. Nov. 7, 2025) (rejecting same argument).

While Respondents may have intended to refer to 8 U.S.C. § 1252(b)(4), to the extent they "intended to refer to § 1225(b)(4) as a jurisdictional bar to Petitioner's claims, the Court finds nothing in that subsection that bars its jurisdiction here." *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *1 n.2 (W.D. Tex. Nov. 14, 2025). And "to the extent that Respondents invoke § 1252(b)(4), that section fails to assert a valid jurisdictional bar." *Id*. at *2. "Because Petitioner does not assert a challenge to an order of removal, nothing in that subsection bars Petitioner from seeking relief from his continued detention in this case." *Id*.

Similarly, to the extent Respondents merely intend to use § 1225(b)(4) to bolster a jurisdictional argument under § 1252(b)(9), the Court will restate its position on the § 1252(b)(9) jurisdictional issue beginning with the next paragraph. But "their appeal to § 1225(b)(4) does not alter the Court's prior conclusion that § 1252(b)(9) does not bar it from hearing a habeas petitioner's challenge to their detention." *Erazo Rojas*, 2025 WL 3038262, at *2.

### 3. Section 1252(b)(9)

To the extent Respondents contend that 8 U.S.C. § 1252(b)(9) presents a jurisdictional bar, the Court rejects the contention. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up); *accord Nielsen v. Preap*, 586 U.S. 392, 402 (2019). This provision "does not . . . 'sweep within its scope claims with only a remote or attenuated connection to the

5

removal of an alien' . . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. ICE*, 510 F.3d 1, 10 (1st Cir. 2007)).

Courts have found that "certain claims are excluded from the sweep of section 1252(b)(9) by virtue of legislative intent and judicial precedent." *Aguilar*, 510 F.3d at 11. For example, challenging a decision to deny a bond hearing does not present circumstances that manifest a jurisdictional bar under § 1252(b)(9). *Preap*, 586 U.S. at 402. And the provision's "legislative history indicates that Congress intended to create an exception for claims 'independent' of removal." *Aguilar*, 510 F.3d at 11.

Notably, § 1252(b) merely sets forth nine applicable requirements "[w]ith respect to review of an order of removal under subsection (a)(1)." *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) (quoting introductory text of § 1252(b)). The circumstances of this case do not place any order of removal at issue. "Contrary to the government's position, the mere fact that a noncitizen is detained does not deprive district courts of jurisdiction under § 1252(b)(9)." *Id.* As stated by the Supreme Court: "The question is not whether *detention* is an action taken to remove an alien but whether *the legal questions* in this case arise from such an action." *Jennings v. Rodriguez*, 583 U.S. 281, 295 n.3 (2018) (plurality op.) (emphasis in original); *accord Ozturk*, 136 F.4th at 399 (recognizing that "the discussion of § 1252(b)(9) in *Jennings* is not part of the plurality opinion of the Court," while also recognizing that "the relevant part of *Jennings* does not support the conclusion that § 1252(b)(9) bars jurisdiction over habeas challenges to detention" and that part "in fact rejected the government's 'expansive interpretation of § 1252(b)(9)'").

Petitioner specifically challenges Respondents' legal authority to subject him to mandatory detention under § 1225, instead of detention with a bond hearing under § 1226(a). This specific challenge does not constitute "a review [of] an order of removal, the decision to seek removal, or

6

the process by which removability will be determined." *Beltran v. Noem*, No. 25-CV-2650, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). Thus, § 1252(b)(9) provides no jurisdictional bar in this case.

In addition, Petitioner does not have the opportunity to "efficaciously" present his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 11). Under these procedural facts, the core of this dispute is whether Petitioner can be detained with no bond hearing, that is, with no administrative opportunity to contest his detention pending a removal determination. If § 1252(b)(9) precluded this habeas petition, Petitioner's detention would be effectively unreviewable, especially considering the BIA's novel position that immigration judges lack authority to entertain bond requests. *See Jennings*, 583 U.S. at 293; *In re Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

### 4. Conclusion Regarding Jurisdiction

For the reasons stated, the Court concludes Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider the arguments presented in the instant habeas petition.

## B. Review of Substantive Merits

The question to be determined in this habeas petition is whether § 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. If so, § 1225(b)(2) makes detention mandatory for Petitioner. If not, § 1226(a) applies, thereby making his detention discretionary. "Overwhelmingly, courts have rejected the interpretation offered by Respondents that § 1225(b)(2) requires the detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Belsai D.S. v. Bondi*,

7

No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases).

In the aftermath of *In re Yajure Hurtado*, this specific issue has been heavily litigated in courts across the country, generally resulting in a rejection of Respondents' broad interpretation of § 1225(b)(2). *See*, *e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). These opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, ___ F. Supp. 3d ___, ___, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds these opinions generally persuasive and, following the reasoning in this majority determination of this specific issue, this Court also concludes the same and rejects Respondents' broad interpretation of § 1225(b)(2) under the facts in this case. Specifically, this Court finds the plain language of § 1225(b)(2) and the Supreme Court's interpretation of relevant statutes reveal the flaw in Respondents' interpretation.

In pertinent part, § 1225(b)(2)(A) states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings under § 1229a. Under the clear terms of this provision, three conditions are necessary to invoke mandatory detention: (1) the noncitizen must be "an applicant for admission"; (2) the noncitizen must be "seeking admission"; and (3) "the examining immigration officer" must determine that the noncitizen "is not clearly and beyond a doubt entitled to be admitted." *See*, *e.g.*, *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). With respect to a noncitizen, "'admission' and 'admitted' mean . . . the lawful entry of [such person] into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A). Because Petitioner is present in the United States but does not satisfy the definitions within § 1101(a)(13)(A), he is an "applicant for admission." "Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008).

But, under the facts particular to Petitioner's detention, he was not seeking "admission," as that term is defined by § 1101(a)(13)(A), in that he was not seeking entry, much less "lawful entry . . . after inspection" and authorization. *See Martinez*, 519 F.3d at 544. Respondents' interpretation "would render the phrase 'seeking admission' in § 1225(b)(2)(A) mere surplusage." *Lopez Benitez*, 2025 WL 2371588, at *6. Because Petitioner is not "seeking admission," ICE may not detain him under § 1225(b)(2).

Furthermore, in *Jennings*, the Supreme Court discussed the relationship between § 1225 and § 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." 583 U.S. at 289. Even if this statement might be considered as dicta, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024)); *accord Siders v. City of Brandon*, 123 F.4th 293, 304 (5th Cir. 2024). Regardless, this Court finds *Jennings* instructive.

9

Based upon this interpretation of "seeking admission," the Court concludes § 1225(b)(2) applies to noncitizens "seeking admission," and § 1226 applies to noncitizens such as Petitioner who are "already in the country." Consequently, Respondents may not detain Petitioner pursuant to § 1225(b)(2). Based upon this showing, Petitioner has satisfied his burden of proving he is being held contrary to law by a preponderance of the evidence. *See Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

Because Petitioner cannot be detained under § 1225(b)(2), further detention is permissible only if there is a valid source of lawful detention. However, Respondents do not assert any other basis for detaining Petitioner. In fact, they assert that the only relief available to him is release from custody. Absent an assertion by Respondents that they are detaining Petitioner under § 1226, the Court has no need to consider whether § 1226 is a valid basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). The same can be said regarding potential detention under § 1225(b)(1).[2] In addition, the Court will not consider any constitutional challenge presented. While the Court recognizes that Respondents' interpretation and application of §§ 1225(b)(2) and 1226(a) may be the subject of a nationwide class action in the Central District of California, *see Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, ___, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying proposed nationwide bond eligible class), the Court does not view that case as precluding it from granting habeas relief in this case at this time. There is no reason to delay Petitioner's release.

---

[2] While § 1225(b)(1) provides for detention when the detainee is in expedited removal proceedings, Petitioner here is undisputedly in full, rather than expedited, removal proceedings. Respondents have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). Thus, even if § 1225(b)(1) could apply, as a general matter, to Petitioner, and Respondents asserted it as a basis for detention, Petitioner is not subject to expedited removal proceedings and, therefore, is not subject to § 1225(b)(1)'s detention provisions. Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.

10

Although Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241, asserts claims under the APA, and seeks attorney fees in his petition, the Court treats the instant action solely as a habeas action under § 2241. Petitioner does not specifically seek any non-habeas relief and has not paid the required filing fee for any non-habeas claim. "The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief." *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020). Because fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one, *see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), the Court denies any request for fees in this case.

Under the facts and circumstances of this case, this Court must conclude Petitioner's detention is unlawful, and habeas relief is proper.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jorge Luis Espinoza Balbuena from custody, under appropriate conditions of release, to a public place by to a public place **no later than 11:00 a.m. December 23, 2025**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of his release as soon as practicable and no less than two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. The parties shall **FILE** a Joint Status report no later than **11:00 a.m. December 24, 2025**, confirming that Petitioner has been released.

A final judgment will be issued separately.

**IT IS SO ORDERED this 21st day of December 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**